UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD KOCZUR d/b/a MAMA'S PIZZA ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| vs. ) | |
| ) | |
| ESTATE OF ROBERT D. WAGONER d/b/a ) | |
| LAKESIDE LAUNDROMAT; ROCK ISLAND ) | |
| RESOURCE COMPANY, INC. f/k/a G-R ) | |
| REALTY CORP.; JOHN D. AND SUZETTA ) | |
| M. ZIMMERMAN d/b/a MAMA SUZZETTA'S ) | |
| PIZZA & PASTA; LAKESIDE LAUNDRY, ) | |
| LAKESIDE CLEANERS; and LAKESIDE ) | |
| ONE-HOUR CLEANERS; ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT**

Plaintiff Donald Koczur d/b/a Mama's Pizza ("Koczur") brings this complaint for damages against defendants Estate Of Robert D. Wagoner d/b/a Lakeside Laundromat ("Lakeside Laundromat"), Rock Island Resource Company, Inc. f/k/a G-R Realty Corp. ("Rock Island"), John D. Zimmerman and Suzetta M. Zimmerman d/b/a Mama Suzzetta's Pizza & Pasta (the "Zimmermans"), Lakeside Laundry, Lakeside Cleaners, and Lakeside One-Hour Cleaners (collectively, the "Defendants"). Koczur has identified environmental contamination, including the presence of chlorinated volatile organic compounds (cVOC) in soil and groundwater, including tetrachloroethene (PCE), trichloroethene (TCE), cis-1,2-Dichloroethene (cis-1,2-DCE), trans-1,2-Dichloroethene (trans-1,2-DCE), and vinyl chloride (VC), at 811 East Ninth Street, Rochester, Indiana (the "Site"). Koczur seeks damages associated with the environmental investigation and cleanup of those hazardous substances that have been detected on or beneath properties in the vicinity of and/or hydrologically downgradient from the Site.

1

## I. JURISDICTION AND VENUE

1. Koczur brings this action pursuant to Section 107(a) of the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9607(a) ("CERCLA"), for past costs incurred and future costs to be incurred by Koczur in responding to releases of hazardous substances ("CERCLA Claim"). This action further requests declaratory judgment against the Defendants under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. The CERCLA Claim and request for declaratory judgment pose federal questions; therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1331. 42 U.S.C. § 9613(b) also provides the United States district courts with exclusive jurisdiction over all controversies arising under CERCLA, except in certain limited circumstances not present here.

2. Koczur also brings this action pursuant to Section 2 of Indiana's Environmental Legal Action Statute, Ind. Code § 13-30-9-2 ("ELA"), for past costs incurred and future costs to be incurred by Koczur in responding to the release of hazardous substances ("ELA Claim"). The ELA Claim is related to the CERCLA Claim so that it forms part of the same case or controversy; therefore, this Court has supplemental jurisdiction over the ELA Claim pursuant to 42 U.S.C. § 1367(a).

3. Venue is proper in this judicial district under 42 U.S.C. § 9613(b) and 28 U.S.C. §1391 because the Site is located in this Court's district and division and the releases or threatened releases of hazardous substances that give rise to the claims in this action occurred in this Court's district and division.

## II. PARTIES

4. Koczur is a citizen of Indiana and the current owner of the Site.

5. Robert D. Wagoner was a prior owner of the Site and operated Lakeside Laundromat at the Site. Robert Wagoner was a resident of Fulton County. Robert Wagoner passed away in 2003. On August 11, 2021, the Fulton Circuit Court re-opened the Estate of Robert Wagoner and appointed Lauren Adley as the personal representative of the Estate.

6. Rock Island Resource Company, Inc. f/k/a G-R Realty Corp. was a prior owner of the Site. Rock Island is an Indiana corporation, with its principal place of business in Dallas, Texas.

7. John D. Zimmerman and Suzetta M. Zimmerman, husband and wife, were prior owners of the Site. The Zimmermans are residents of Kosciusko County.

8. Lakeside Laundry, Lakeside Cleaners, and Lakeside One-Hour Cleaners were prior operators at the Site.

### III. FACTUAL BACKGROUND

**A. Rock Island's Ownership and Operations**

9. The property located at 811 E. Ninth St., Rochester, Indiana, was purchased by Rock Island in December 1957.

10. Rock Island owned the Site, or a portion of the Site, from 1957 to 1978.

11. During this time, a dry cleaner operated on the Site. The dry cleaner went by various names, including Lakeside Laundry, Lakeside Cleaners, and Lakeside One-Hour Cleaners ("Lakeside Cleaners").

12. During Rock Island's ownership and Lakeside Cleaners' operations at the Site, hazardous substances were released into the ground.

### B.     The Wagoners' Ownership and Operations

13.     In 1978, Robert Wagoner purchased the Site from Harold and Orma Lowe, who owned the Site for only four months after acquiring it from Rock Island.

14.     Robert Wagoner continued to operate a laundromat and/or dry cleaning business at the Site until approximately 1998.

15.     During Robert Wagoner's d/b/a Lakeside Laundromat's ownership of and operations at the Site, hazardous substances were released into the ground.

### C.     The Zimmermans' Ownership

16.     In 1998, the Site was purchased by the Zimmermans.

17.     When the Zimmermans acquired the Site, dry cleaning equipment remained on the Site.

18.     The Zimmermans hired a company to remove the dry cleaning equipment.

19.     During the Zimmerman's ownership of and operations at the Site, hazardous substances were released into the ground.

### D.     Donald Koczur's Ownership and Investigation and Remediation Efforts

20.     The Plaintiff Donald Koczur purchased the Site in 2011. Koczur operated the Site as a restaurant.

21.     On April 15, 2014, the Indiana Department of Environmental Management ("IDEM") sent Mr. Koczur a Special Notice of Potential Liability And Request for Information (the "SNL").

22.     In the SNL, IDEM stated that there had been a release of hazardous substances at the Site and that Koczur may be a responsible party and potential liable for response actions and costs at the Site pursuant to Indiana Code 13-25-4-5 and § 107 of CERCLA.

23. In response to IDEM's demands, Koczur has performed a significant amount of environmental site investigation to characterize, delineate and address the contamination left behind by the defendants.

24. These efforts began in 2014 and have been ongoing since then.

25. These investigations have revealed that a plume of cVOCs has migrated into the groundwater and offsite to the north. The Site lies within a one-year time-of-travel wellhead protection zone for the City of Rochester municipal water wells.

26. The cVOCs discovered, including PCE and TCE, are solvents that have been associated with historical dry cleaning operations. These cVOCs pose a risk to human health and the environment, cause significant property damage, and require remediation when detected above certain levels in soils, groundwater, and other media.

27. In 2018, Koczur submitted a Corrective Action Plan (CAP) to IDEM, which included a plan to remediate the contamination at and migrating from the Site. IDEM approved the CAP on January 3, 2019.

28. In accordance with the approved CAP, Koczur's consultant Mundell and Associates ("Mundell") conducted in-situ groundwater remediation injections using multiple permeable reactive barriers across the Site from April to June 2019.

29. These injections have proven successful. However, continued remediation of the groundwater is ongoing.

30. Mundell also performed Soil Vapor Extraction (SVE) beginning in the third quarter of 2020 to remediate on-site shallow soils underneath the Site building. These remedial efforts are ongoing.

31. The cVOCs located on and migrating from the Site were deposited in and/or migrated through the soil and groundwater during the Defendants' ownership and/or operation of the Site, and those substances continue to cause property damage.

32. Koczur has performed a significant amount of environmental site investigation to characterize, delineate and address the contamination left behind by the defendants. However, additional investigation and response activities are necessary to satisfy the regulatory agencies with jurisdiction over the Site.

### IV. COUNT I: COST RECOVERY UNDER CERCLA SECTION 107

33. Koczur incorporates the allegations contained in paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

35. Each of the Defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

36. Releases and threatened releases of hazardous substances have occurred at and from the Site into the environment.

37. The Defendants stored, located and used "hazardous substances"—within the meaning of Section 101(14) of CERCLA, 42 U.S.C. §9601(14) —at the Site.

38. Lakeside Cleaners operated as a dry cleaner at the Site at the time of disposal of hazardous substances.

39. Rock Island owned the Site at the time of the disposal of hazardous substances.

40. Robert Wagoner d/b/a Lakeside Laundromat operated a dry cleaner and/or laundromat at the Site at the time of disposal of hazardous substances.

41. The Zimmermans owned the Site at the time of disposal of hazardous substances.

42. Koczur has incurred necessary costs of response that are consistent with the U.S. Environmental Protection Agency's National Contingency Plan as a result of the release of hazardous substances at and/or from the Site.

43. Koczur will continue to incur necessary costs of response as a result of the release of hazardous substances at and/or from the Site.

44. The Defendants are liable to Koczur under Section 107(a) of CERCLA, 42 U.S.C. §9607(a), for any and all response costs incurred or to be incurred by Koczur as a result of the release or threatened release of hazardous substances at and from the Site.

## V. COUNT II: LIABILITY UNDER THE INDIANA ELA

45. Koczur incorporates the allegations contained in paragraphs 1 through 44 of this Complaint as though fully set forth therein.

46. Pursuant to Section 2 of Indiana's Environmental Legal Action Statute, Ind. Code §13-30-9-2, Koczur may bring an environmental legal action against a person who caused or contributed to the release of a hazardous substance into the surface or subsurface soil or groundwater that poses a risk to human health and the environment to recover reasonable costs of a removal or remedial action involving the hazardous substances.

47. During the course of the Defendants' ownership of the Site and operation of the business thereon, the Defendants caused and/or contributed to the release of hazardous substances, including but not limited to cVOCs including PCE and TCE, into the surface and subsurface soil and/or groundwater at, below, and/or adjacent to the Site. Hazardous substances, including but not limited to PCE and TCE and their breakdown products, are present in the surface and subsurface soil and/or groundwater at, below, and adjacent to the Site, including at

and below adjacent properties. Volatile and semi-volatile organic compounds, including chlorinated solvents and PCE, have been detected on or beneath the Site and/or on or beneath properties approximate thereto.

48. Koczur has already incurred costs for investigation and certain response activities at and adjacent to the Site.

49. Koczur will incur significant costs for future testing, in order to fully delineate the extent of the impact to the soil, groundwater, and other media as a result of contamination emanating from the Site, and for subsequent removal and/or remedial activities required on and adjacent to the Site due to contamination emanating from the Site.

50. The Site is subject to the Environmental Legal Action Statute because it is not listed on the National Priorities List for hazardous substance response sites (40 CFR 300 *et seq.*), has not scored twenty-five or greater under the Indiana scoring model at 329 IAC 7, and has not been deemed by the Commissioner of the Indiana Department of Environmental Management to pose an imminent threat to human health or environment pursuant to Section 1 of Indiana's Environmental Legal Action Statute, Ind. Code § 13-30-9-1.

51. The Defendants are liable to Koczur under §§13-30-9-2 and 13-30-9-3 for all reasonable costs of a removal or remedial action involving the release of hazardous substances at and from the Site, and an award of all reasonable attorneys' fees and costs.

### VI.    COUNT III: DECLARATORY JUDGMENT

52. Koczur incorporates the allegations contained in paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. Koczur seeks a declaratory judgment against the Defendants pursuant to 28 U.S.C. § 2201, 42 U.S.C. §9613(g)(2), the Indiana Uniform Declaratory Judgment Act, Ind.

Code §34-14-1-1, *et seq.*, and Federal Rule of Civil Procedure 57 that the Defendants are and will be liable for past and future costs, damages and attorneys' fees which are necessary to address and respond to the hazardous substances that continue to exist at or near the Site.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Koczur asks the Court to:

1. Order the Defendants to reimburse Koczur for all removal, remedial action, and response costs incurred by Koczur related to the release or threatened release of hazardous substances from the Site;

2. Order the Defendants to reimburse Koczur for all reasonable attorneys' fees and costs incurred by Koczur;

3. Declare that the Defendants are and will be liable for all future costs, expenses, damages and attorneys' fees to address and respond to the hazardous substances migrating from the Site; and

4. Award Koczur all further appropriate relief.

## VIII.   JURY DEMAND

Pursuant to Rule 38 of the Fed. R. Civ. Proc., plaintiff Donald Koczur requests a trial by jury.

    Respectfully submitted,

    PLEWS SHADLEY RACHER & BRAUN LLP

    */s/ Ryan T. Leagre*
    Attorneys for Donald Koczur

Thao T. Nguyen, Atty. No. 25030-71
Plews Shadley Racher & Braun LLP
1017 E. Jefferson Boulevard

South Bend, IN 46617
(574) 273-1010
tnguyen@psrb.com


Ryan T. Leagre, Atty. No. 32050-49
Plews Shadley Racher & Braun LLP
1346 N. Delaware St.
Indianapolis, IN 46202
(317) 637-0700
rleagre@psrb.com