UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD KOCZUR,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ROCK ISLAND RESOURCE COMPANY, INC., JOHN D. ZIMMERMAN, SUZETTA M. ZIMMERMAN, LAKESIDE LAUNDRY, LAKESIDE CLEANERS, LAKESIDE ONE-HOUR CLEANERS,<br><br>　　Defendants. | Case No. 3:21-CV-646 JD |

**OPINION AND ORDER**

Now before the Court is a Joint Motion to Bar Contribution Claims brought by Plaintiff Donald Koczur ("Koczur") and Defendants the Estate of Robert D. Wagoner ("Wagoner"), John D. Zimmerman and Suzetta M. Zimmerman ("the Zimmermans"), and Rock Island Resource Company, Inc. ("Rock Island").[1] (DE 26.) Defendants Lakeside Cleaners, Lakeside Laundry, and Lakeside One-Hour Cleaners are not parties to this motion and have not appeared in this action. The motion is brought pursuant to settlements reached between Plaintiff and the Settling Defendants. (DE 26-1; DE 26-2.) The Court defers ruling on this motion and requests that the Settling Parties file further information in support of their motion.

In order to grant a motion to bar contribution claims, this Court must evaluate whether the settlements are procedurally and substantively fair. *Evansville Greenway & Remediation Tr. v. S. Ind. Gas & Elec. Co.*, No. 3:07-CV-66, 2010 WL 3781565, at *1 (S.D. Ind. Sept. 20, 2010).

---

[1] The Court will refer to Wagoner, Zimmerman, and Rock Island collectively as the "Settling Defendants." The Settling Defendants, alongside Mr. Koczur, will be referred to as the "Settling Parties."

1

Here, there are lingering issues regarding both factors which are not addressed by the Settling Parties' motion.

First, it is unclear whether the procedures surrounding the settlements sufficiently protect the interests of non-settling parties. One aspect of procedural fairness is notice. *United States v. IMC E. Corp.*, No. 18-CV-3818(GRB)(ARL), 2022 WL 4134321, at *4 (E.D.N.Y. Sept. 12, 2022) (finding that there was procedural fairness because "[t]he objecting defendants were put on notice [of the] settlement negotiations" pursuant to a letter filed by the settling parties). However, there is no indication whether Defendants Lakeside Laundry, Lakeside Cleaners, or Lakeside One-Hour Cleaners, have received notice of the instant motion. Furthermore, the Settling Parties do not develop any argument or cite any case law to support that notice here was procedurally fair. Before this Court rules on the instant motion, the Settling Parties must (1) explain what steps they have taken to notify the non-settling defendants and (2) develop an argument, with proper citations, articulating why this is procedurally fair. If Plaintiffs believe that notice is not required in this circumstance, they should clearly explain why with appropriate citations.

Second, based on the record, it is unclear whether the settlement agreements are substantively fair. Substantive fairness requires that the settlement terms "be based upon, and roughly correlated with, some acceptable measure of comparative fault, apportioning liability among the settling parties according to rational (if necessarily imprecise) estimates of how much harm each [potentially responsible party] has done." *Evansville Greenway & Remediation Tr.*, No. 3:07-CV-66-SEB-WGH, 2010 WL 3781565, at *2 (citation and quotation marks omitted). Often, this will require submitting documentation to support how liability is allocated. *See Gary/Chicago Int'l Airport Auth. v. Honeywell Int'l Inc.*, No. 2:17-CV-95-JVB-JEM, 2021 WL

5094846, at *2 (N.D. Ind. Oct. 4, 2021) (finding that a settlement was substantively fair where the defendants were responsible for "approximately 6% of the total waste sent to the CCCI Site" and the "$900,000 amount of the settlement [was] approximately 6% of the highest estimated total past and future costs"). However, there may be occasions where the allocation is fair by virtue of a plaintiff's inability to bring a claim against any other non-settling potentially responsible parties. *Lusher Site Remediation Grp. v. HMS Elkhart, LLC*, No. 3:18-CV-506, 2021 WL 5356105, at *4 (N.D. Ind. Nov. 16, 2021) (finding that a settlement was substantively fair because the statute of limitations had run on the relevant claims for any defendant outside of the settling defendants, and the settlement and motion to bar only pertained to those claims, so no other party would have to seek "contribution from [the settling defendants] after paying more than their proportionate share because no other party [would] have to contribute *anything* for [those claims]").

      Here, it unclear to the Court whether granting a contribution bar will be substantively fair to non-settling defendants and any other potentially responsible parties. In other words, it is unclear to the Court whether Plaintiff has viable claims against other potentially responsible parties that will remain after these settlements. In a situation where Plaintiff had viable claims remaining after entering these settlements, this Court would risk an inequitable allocation of liability if the Court were to grant the motion to bar contribution claims without first ascertaining that liability is equitably apportioned due to respective fault. This is because any potentially responsible party successfully sued under section 107(a) of CERCLA would be strictly liable and lack the ability to reapportion damages to the Settling Parties according to relative fault at a later stage, under a section 113(f)(1) lawsuit, once the bar was entered. Therefore, if the Plaintiff has other viable claims, then he would have to provide evidence that this initial settlement allocated

liability equitably. However, if the Plaintiff did not have any other viable claims against other potentially responsible parties after these settlements, then entry of the contribution bar would pose no risk of being substantively fair. Like in *Lusher*, there would be no risk of malapportioned liability if no further claims may be brought against non-settling parties. Accordingly, Plaintiff must either (1) explain to the Court why there are no other potentially responsible parties who may be liable following the settlement or (2) provide the Court with evidence demonstrating that these settlements allocate liability equitably.

The Court ORDERS the Settling Parties to provide the requested information by February 15, 2023.

SO ORDERED.

ENTERED: February 2, 2023

/s/ JON E. DEGUILIO
Chief Judge
United States District Court